# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10355
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GROVER CLENDON ELROD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-233-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Grover Clendon Elrod appeals the 180-month, mandatory-minimum sentence imposed pursuant to the Armed Career Criminal Act (ACCA) following his conviction for being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g) and 924(e)(1). Relying upon *Mathis v. United States*, 136 S. Ct. 2243, 2247-57 (2016), he argues that the district court erred by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10355

holding that his prior convictions under Texas Penal Code § 30.02(a) constitute violent felonies. *See* § 924(e)(2)(B)(ii).

Even if Elrod's argument was not adequately raised in the district court, the sentence imposed constitutes plain error for the following reasons. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To demonstrate plain error, Elrod must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The imposition of Elrod's ACCA sentence on the ground that his three § 30.02(a) convictions constitute violent felonies under § 924(e)(2)(B)(ii) is clearly erroneous. *See United States v. Herrold*, 883 F.3d 517, 536-37, 541 (5th Cir.) (en banc), *petition for cert. filed* (Apr. 18, 2018) (No. 17-1445); *see also Johnson v. United States*, 520 U.S. 461, 468 (1997) ("[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that an error be 'plain' at the time of appellate consideration."). As the presentence report recommended a guidelines range of 37-46 months of imprisonment, and because Elrod is subject to a statutory maximum sentence of only 10 years absent the ACCA enhancement, the error affects his substantial rights. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). Since the error at issue resulted in a higher guidelines range, and as this case does not present any countervailing factors, we will exercise our discretion to correct the error. *See Rosales-Mireles v. United States*, No. 16–9493, 2018 WL 3013806, at *9, *12 (June 18, 2018).

VACATED and REMANDED.